Dwayne E. ANDERSON,
Plaintiff–Appellant,

v.

Arthur T. BENNETT, et al.,
Defendants–Appellees.

No. 01–6082.

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

Before RYAN, BOGGS, and COLE,
Circuit Judges.

### ORDER

Pro se Tennessee prisoner Dwayne E. Anderson appeals the district court judgment that dismissed his civil rights suit for want of jurisdiction. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, injunctive relief, and a declaratory judgment, Anderson sued a criminal court judge, a judge of the court of criminal appeals, two members of the disciplinary council for the Tennessee court of the judiciary, and a state assistant attorney general. Anderson claimed that the criminal court judge violated his constitutional rights by failing to enter a written judgment memorializing the denial of his petition for state post-conviction relief. Anderson claimed that the others failed in their duty to punish this judge or to force this judge to act.

The district court dismissed Anderson's suit for want of jurisdiction.

In his timely appeal, Anderson argues that the district court erred by dismissing his suit. The defendants have not been served and have not filed a brief.

Our review is de novo. *Greater Detroit Res. Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). Upon consideration, we conclude that the district court properly dismissed the complaint for lack of subject matter jurisdiction. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Accordingly, we affirm the district court's judgment for the reason stated by that court in its memorandum opinion entered on July 26, 2001. Rule 34(j)(2)(C), Rules of the Sixth Circuit.